## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| RYAN PORCARO and JOHANA HENAO, his wife | **Civil Action** |
| Plaintiffs, | |
| v. | No. 2:17-cv-02573(KM/JBC) |
| NEXEL INDUSTRIES, INC., CME (FORMERLY KNOWN AS CLAFLIN MEDICAL EQUIPMENT, HOSPITAL ASSOCIATES, AND RSI), DEVENING'S MANUFACTURING INFORMATION, INC., MEDICAL EQUIPMENT RESOURCES, LTD., ABC CORP., XYZ CORP., JOHN DOES I through V, | |
| Defendants. | |
| CLAFLIN SERVICE CO. d/b/a CME, | |
| Third-Party Plaintiff, | |
| v. | |
| MEDICAL EQUIPMENT RESOURCES, LTD. | |
| Third-Party Defendant. | |

## THIRD AMENDED COMPLAINT AND
## DEMAND FOR JURY TRIAL

THE PARTIES:

1)  The plaintiffs, RYAN PORCARO and JOHANA HENAO, reside at 1232 Crossing

Way, Wayne, Passaic County, New Jersey 07470 and they were husband and wife prior to

plaintiff, RYAN PORCARO'S incident which occurred on January 26, 2016.

2)   The defendant, CME, is a corporation or other business entity incorporated within

the State of Rhode Island and/or located at 455 Warwick Industrial Drive, Warwick, Rhode

Island 02886, and authorized to do business within the State of New Jersey.

3)   The defendant, NEXEL INDUSTRIES, INC., is a corporation or other business entity

incorporated within the State of New York and/or located at 11 Harbor Place Drive, Port

Washington, New York 11050, and authorized to do business within the State of New Jersey.

4)   The defendant, DEVENING'S MANUFACTURING INFORMATION, INC., is a

corporation or other business entity incorporated within the State of Ohio and/or located at 8130

Walcot Lane – Unit D, Cincinnati, Ohio 45249, and authorized to do business within the State of

New Jersey.

5)   The defendant, MEDICAL EQUIPMENT RESOURCES, LTD., is a foreign corporation

with a principal place of business at 901 Manchester Road, Rose Valley, Pennsylvania 19065,

and authorized to do business within the State of New Jersey.


JURISDICTION AND VENUE:

1)   This Court has jurisdiction pursuant to 28 U.S.C. 1332(a)(1), as plaintiffs are citizens

of New Jersey, the defendants are incorporated within the states of Rhode Island, New York,

Ohio and Pennsylvania, respectively, and the amount in controversy is in excess of $75,000,

exclusive of interest, costs and attorney's fees.

FACUAL ALLEGATIONS:

## **FIRST COUNT**

1)   At all times herein mentioned and upon information and belief defendants, NEXEL

INDUSTRIES, INC., CME, DEVENING'S MANUFACTURING INFORMATION, INC. and

MEDICAL EQUIPMENT RESOURCES, LTD. were foreign corporations, LLC's and/or other

business entities authorized to do business within the State of New Jersey and they were engaged

in the business of designing, manufacturing, selling, distributing, assembling, installing and

repairing a certain product known as the Nexel Space Trac Shelving System, and/or various

components of that product, within the State of New Jersey.

    2) For some time prior to January 26, 2016 defendants, NEXEL INDUSTRIES, INC.,

CME, DEVENING'S MANUFACTURING INFORMATION, INC. and/or MEDICAL

EQUIPMENT RESOURCES, LTD. either in whole or in part, designed, manufactured, sold,

distributed, assembled, installed and/or negligently repaired a certain defective Nexel Space Trac

Shelving System, and/or various component parts of that product, to and for the benefit of

Summit Medical Group, 1 Diamond Hill Road, Berkeley Heights, N.J. 07922 for installation and

eventual use at Summit Medical Group, 140 Park Avenue, Florham Park, N.J. 07940. Upon

information and belief, the aforesaid Nexel Space Trac Shelving System, and its component

parts, were sold to Summit Medical Group by defendant DEVENING'S MANUFACTURING

INFORMATION, INC. and/or defendant, CME, formerly known as CLAFLIN MEDICAL

EQUIPMENT, HOSPITAL ASSOCIATES and RSI pursuant to, in whole or in part, CME

Invoice No. 20155842 dated June 8, 2015. Upon information and belief defendants,

DEVENING'S MANUFACTURING INFORMATION, INC. and NEXEL INDUSTRIES, INC.

designed and sold the defective Nexel Space Trac Shelving System. Upon information and belief

defendant, CME, formerly known as CLAFLIN MEDICAL EQUIPMENT sold, installed and

negligently repaired the defective Nexel Space Trac Shelving System and its component parts

between the dates of June 8, 2015 and January 26, 2016. Upon information and belief defendant,

MEDICAL EQUIPMENT RESOURCES, LTD. installed and negligently repaired the defective Nexel Space Trac Shelving System and its component parts between the dates of June 8, 2015 and January 26, 2016.

3) Defendants, and each of them, negligently designed, manufactured, assembled, distributed, sold, installed and negligently repaired the aforesaid Nexel Space Trac Shelving System, and its component parts, and said Nexel Space Trac Shelving System was inherently dangerous, was capable of causing grievous injury when used in its intended manner and for its intended purpose, was constructed of inferior materials, contained defective parts, was without adequate features to protect the safety of the user and bore insufficient notices of warnings as to the potential dangers inherent in the  Nexel Space Trac Shelving System and the Space Trac guide bar joining inserts which were intended to securely and safely join the Space Trac guide bars, stationary end units, center units and mobile units together. Specifically, defendants designed, manufactured and sold a defective Nexel Space Trac Shelving System with a poorly designed and ineffective joining insert, failed to bolt the Nexel Space Trac Shelving System to the floor as designed, failed to provide their customers with installation and periodic maintenance instructions, failed to warn their customers that if the Nexel Space Trac Shelving System was not bolted to the floor that it could become very unstable, separate and cause injury to the user and failed to warn their customers that if the joining inserts and locking collars were not periodically checked and tightened the Nexel Space Trac Shelving System could become very unstable, separate and cause injury to the user.

4) On January 26, 2016 plaintiff, RYAN PORCARO, was using the said Nexel Space Trac Shelving System in its intended manner and for its intended purpose.

5) Due to the aforesaid negligence and other acts of the defendants in designing, selling

4

and installing and failing to warn plaintiff of a defective product, and each of them as aforesaid, the said Nexel Space Trac Shelving System failed to operate properly due to the unexpected movement, separation and failure of the Space Trac guide bar joining inserts which caused the plaintiff to suffer severe and permanent injuries requiring medical attention and hospital care, to endure great pain and mental anguish, to be prohibited from pursuing his usual business and affairs and will in the future continue to cause pain and suffering, the incurring of medical expenses and permanent disability.

WHEREFORE, plaintiff, RYAN PORCARO, demands judgment against the defendants jointly, severally or in the alternative for damages, together with interest and costs of suit.

## SECOND COUNT

1)   Plaintiffs, RYAN PORCARO and JOHANA HENAO, repeat each and every allegation contained in the First Count herein and makes them a part hereof as though set forth verbatim and at length.

2)   At all times mentioned herein, the defendants, and each of them, warranted that the Nexel Space Trac Shelving System was of merchantable quality and was safe and fit for use in its ordinary and intended manner.

3)   In fact, the Nexel Space Trac Shelving System was not of merchantable quality nor safe and fit for the ordinary purposes for which it was manufactured and sold in that it contained serious defects which constituted an unreasonable and dangerous hazard to those using same and was otherwise unsafe as hereinbefore alleged.

4)   As a result of the breach of express and implied warranties by the defendants, and each of them plaintiff, RYAN PORCARO, was caused to suffer the injuries and damages aforesaid.

WHEREFORE, plaintiff, RYAN PORCARO, demands judgment against the defendants

jointly, severally or in the alternative for damages, together with interest and costs of suit.

### THIRD COUNT

1)  Plaintiffs, RYAN PORCARO and JOHANA HENAO, repeat each and every allegation contained in the First Count and Second Count herein and makes them a part hereof as though set forth verbatim and at length.

2)  Plaintiffs contend that the defendants, and each of them, are strictly liable in tort pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et seq., for the defective product which resulted in his injury. Specifically, the Nexel Space-Trac Shelving System was defective because it: (a) deviated from the design specifications, formulae and performance standards of the manufacturer and from otherwise identical units of manufacture to the same manufacturing specifications and formulae; (b) failed to contain adequate warnings or instructions; and (c) was designed in a defective manner.  Additionally, defendants are liable to plaintiff under the provisions of the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et seq., because said defendants designed, manufactured, sold, distributed and assembled the defective Nexel Space Trac Shelving System to and for the benefit of Summit Medical Group as aforesaid.

3)  As a result of the aforesaid conduct of the defendants, and each of them, plaintiff was caused to suffer the injuries and damages as aforesaid.

WHEREFORE, plaintiff, RYAN PORCARO, demands judgment against the defendants jointly, severally or in the alternative for damages, together with interest and costs of suit.

### FOURTH COUNT

1)  Plaintiffs, RYAN PORCARO and JOHANA HENAO, repeat each and every allegation contained in the First Count, Second Count and Third Count herein and make them a part hereof

as though set forth verbatim and at length.

    2)  Plaintiff, JOHANA HENAO, is the wife of the plaintiff, RYAN PORCARO and was married to plaintiff, RYAN PORCARO, prior to the incident which caused plaintiff, RYAN PORCARO'S injuries on January 26, 2016.

    3)  As a direct and proximate result of the injuries suffered by plaintiff, RYAN PORCARO, plaintiff, JOHANA HENAO, has suffered the loss of usual services and consortium of RYAN PORCARO.

      WHEREFORE, plaintiff, JOHANA HENAO, demands judgment against the defendants jointly, severally and/or in the alternative, for loss of services and consortium damages, together with interest, attorney fees and costs of suit.

### FIFTH COUNT

    1)  Plaintiffs, RYAN PORCARO AND JOHANA HENAO, repeat each and every allegation contained in the First Count, Second Count, Third Count and Fourth Count herein and make them a part hereof as though set forth verbatim and at length.

    2)  Defendants, ABC CORP., XYZ CORP. and JOHN DOES I through V, are fictitious names for defendants whose actual identities are currently unknown.  Defendants, ABC CORP., XYZ CORP. and JOHN DOES I through V, were negligent in causing plaintiff's injuries on January 26, 2016 while plaintiff was using the defectively designed, defectively manufactured and negligently repaired Nexel Space-Trac Shelving System. Upon discovery of the actual names of said defendants, plaintiff swill make the appropriate motion before the court to amend the Complaint.

      WHEREFORE, plaintiffs, RYAN PORCARO and JOHANA HENAO, demand judgment against defendants, ABC CORP., XYZ CORP. and JOHN DOES I through V, for

damages together with interest and costs of suit.

## **CERTIFICATION**

The matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated and no other party should be joined in this action.

## **JURY DEMAND**

Plaintiffs demand a trial by jury of six on all issues herein.

DATED:  December 20, 2018

**AUGUST R. SOLTIS (AS-8862)**
**Attorney for Plaintiffs**
**530 Ramapo Avenue**
**Pompton Lakes, N.J. 07442**
**T- (973) 616-8820**
**F- (973) 616-8826**
**asoltis@soltislegal.com**