UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN PORCARO, | : |
| Plaintiff, | : Civil Action No. 17-2573 (KM) |
| v. | : |
| NEXEL INDUSTRIES, INC., et al., | : OPINION AND ORDER |
| Defendants. | : |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on two motions by Plaintiffs Ryan Porcaro and Johana Henao (collectively "Plaintiffs") seeking: (1) to extend the deadline for the completion of discovery[1] in this matter [Dkt. No. 103]; and (2) leave to file a Fourth Amended Complaint [Dkt. No. 113]. Defendants Nexel Industries, Inc. ("Nexel") and CME oppose Plaintiffs' motion to extend discovery. *See* Dkt. Nos. 104, 105. Nexel also opposes Plaintiffs' motion to amend [Dkt. No. 118] and CME filed a cross-motion seeking sanctions [Dkt. No. 114]. For the reasons set forth below, Plaintiffs' motion to extend discovery [Dkt. No. 103] is **DENIED**,[2] Plaintiffs' motion to amend [Dkt. No. 113] is **DENIED** and CME's motion for sanctions [Dkt. No. 114] is **DENIED**.

**I.    BACKGROUND**

This products liability action arises from injuries allegedly caused to Plaintiff Ryan Porcaro ("Porcaro") by the Nexel Space-Trac Shelving System (the "Shelving System"). The Shelving System is comprised of rolling carts which are guided by a horizontal bar at the top of the racks.

---

[1] Although Plaintiffs filed a motion to extend the deadline for the completion of fact discovery, fact discovery concluded on July 15, 2019 [*see* Dkt. No. 65] and Plaintiffs were explicitly instructed to file "a motion to reopen discovery" [*see* Dkt. No. 103].

[2] While the Court denies Plaintiffs' motion to reopen discovery, Nexel shall respond to Plaintiffs' Requests for Admission within thirty (30) days from the date of this Order.

1

Dkt. No. 104 at p. 2.³ Two lengths of the horizontal bar are connected by a threaded joiner when the distance is greater than twelve feet. *Id.* The top bars are for guiding only and are not weight bearing and the overhead track system sits on top of the wire shelving and is "locked in" with shaft collars. *Id.* at p. 2-3. The Shelving System is designed to have shelves with feet on each end for stability and rolling shelves on casters in the middle. *Id.* at p. 3.

The Shelving System is comprised of parts that are manufactured by third parties and then sold by Nexel to distributors as a set. *Id.* Nexel does not manufacture, assemble, install or repair any part of the Shelving System. *Id.* Nexel obtained the joiner system for the Shelving System from Devening's Manufacturing Information, Inc. ("DMI"), which designed the joiner system. *Id.* The joiner system Nexel obtained from DMI included the guide bar, locking collars, guide blocks, end cap and joining insert. *Id.* DMI obtained the parts for the joiner system from companies who manufactured the various pieces according to DMI's specifications. *Id.* at p. 3-4. Although DMI did not manufacture any of the pieces of the joiner insert, it assembled the pieces and sold the joiner system in bulk to Nexel and Nexel offered it as an option with the Shelving System. *Id.* at p. 4.

The Shelving System at issue in this matter was sold by Nexel to CME, who then sold it to Porcaro's employer, Summit Medical Group, through its contractor, Third Party Defendant Medical Equipment Resources, Ltd. ("MER"). *Id.* CME installed the Shelving System under the direction of MER. *Id.* The installation instructions provided by Nexel required that the end stationary units of the Shelving System be bolted to the floor through the triangular foot plates. *Id.* According to Nexel, MER instructed CME not to bolt the stationary units to the floor.

---

³ The details of the Shelving System and the factual circumstances surrounding Porcaro's alleged injury are taken from Nexel's briefs in opposition to Plaintiffs' present motions. *See* Dkt. Nos. 104, 118. Plaintiffs' filings in connection with the present motions do not contain any statement of the factual background of Plaintiffs' claims and Plaintiffs' pleadings in this matter do not explain in any detail the incident which resulted in Porcaro's alleged injuries.

At the time of Porcaro's injury, he was employed by Summit Medical Group as a surgical technician and Summit Medical Group utilized the Shelving System for storage. Dkt. No. 104 at p. 1-2. On January 26, 2016, Porcaro claims he was retrieving surgical materials from a shelf, which was part of the Shelving System, and when he moved one of the racks to the right, the bar came apart at the joiner. Dkt. No. 118 at p. 2. According to Porcaro, when the bar came apart at the joiner, he reached both arms up to the bar to adjust it and experienced a sharp pain in his right shoulder. *Id.*

Plaintiffs claim that Defendants negligently designed, manufactured, assembled, distributed, sold, installed and repaired the Shelving System and its component parts and that the Shelving System was inherently dangerous, constructed of inferior materials, contained defective parts, was lacking adequate safety features, and was not accompanied by adequate warnings or instructions. Specifically, Plaintiffs allege that the Shelving System was designed, manufactured and sold with a "poorly designed and ineffective joining insert" and that Defendants failed to warn their customers that if the Shelving System was not bolted to the floor "it could become very unstable, separate and cause injury to the user . . . ." Dkt. No. 43, Third Amended Complaint ("TAC") at ¶ 3.[4] Plaintiffs further contend that Defendants failed to provide their customers with installation and periodic maintenance instructions and failed to warn their customers that "if the joining inserts and locking collars were not periodically checked and tightened" the Shelving System could separate and cause injury. *Id.*

Porcaro filed his initial Complaint in the Superior Court of New Jersey, Morris County, Law Division on March 17, 2017. *See* Dkt. No. 1-1. Porcaro's initial Complaint asserted claims against Nexel and CME, and on April 14, 2017, CME removed the case to this Court pursuant to

---

[4] Plaintiffs' Third Amended Complaint is Plaintiffs' operative pleading in this matter.

28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1. On April 18, 2017, CME filed its Answer and asserted a Crossclaim against Nexel. *See* Dkt. No. 3. Nexel filed its Answer on May 23, 2017 and asserted a Crossclaim against CME. *See* Dkt. No. 6. On July 28, 2017, the Court entered a Pretrial Scheduling Order setting forth dates for the completion of discovery in this matter. *See* Dkt. No. 10. The Pretrial Scheduling Order set a fact discovery deadline of January 13, 2018 and a deadline for the amendment of pleadings of November 9, 2017. *Id.*

On November 7, 2017, Plaintiff filed a motion for leave to file an Amended Complaint naming Porcaro's spouse, Johana Henao, as a plaintiff in this matter and asserting derivative loss of consortium claims on her behalf resulting from Porcaro's injuries. *See* Dkt. No. 13. The parties consented to the filing of the Amended Complaint and it was filed on December 5, 2017. *See* Dkt. No. 17. On January 3, 2018, CME filed a letter advising that discovery provided by Nexel had identified DMI as a "component part manufacturer and the entity that sold the subject product to Nexel." Dkt. No. 18 at p. 1. In light of that discovery, CME requested extensions of certain discovery deadlines, including extensions of the deadlines to move to amend and for the completion of fact discovery. *Id.* The Court granted CME's request. *See* Dkt. No. 19. On January 17, 2018, upon consent of the parties, Plaintiffs filed a Second Amended Complaint naming DMI as a defendant in this matter. *See* Dkt. No. 22. On November 16, 2019, the parties submitted a consent order allowing for CME to file a Third Party Complaint against MER and for Plaintiffs to file a Third Amended Complaint naming MER as a defendant. *See* Dkt. No. 35. The Court entered the parties' proposed consent order and CME and Plaintiffs filed their resulting pleadings. *See* Dkt. Nos. 40, 43.

Due to the addition of MER as a party, the Court extended the deadline for fact discovery

to May 31, 2019. *See* Dkt. No. 54. On May 23, 2019, the deadline for fact discovery was extended for the final time to July 15, 2019. *See* Dkt. No. 65. Thereafter, the parties completed expert discovery and participated in both a private mediation and an arbitration through the Court's arbitration program. After the parties' mediation and arbitration did not result in a resolution of this matter, the Court scheduled a settlement conference for January 27, 2022. *See* Dkt. No. 100.

On January 20, 2022, Plaintiffs' counsel, August R. Soltis, Esq., sent an email to the Court and opposing counsel advising that Plaintiffs "hereby amend discovery with . . . information my office obtained on the internet today" regarding modified instructions for the Shelving System (the "Modified Instructions"). Mr. Soltis' January 20, 2022 email attached a letter stating that in addition to amending Plaintiffs' discovery with the Modified Instructions, which Plaintiffs claim "confirm" that the Shelving System "was defective at the time of Ryan's Porcaro's incident," Defendants were obligated to "amend discovery with all subsequent relevant information concerning the material issues in [this case]." Mr. Soltis' letter further stated that if this matter did not settle at the upcoming settlement conference, he would "have no other alternative but to request" that the Court allow Plaintiffs' liability expert to review the Modified Instructions "for the purpose of preparing and serving" a supplemental report and would "also need to take the deposition of the Nexel representative who drafted" the Modified Instructions. *Id.* at p. 2. The settlement conference was unsuccessful and the Court scheduled a telephone conference with the parties for March 22, 2022. *See* Dkt. No. 101.

On February 28, 2022, Mr. Soltis submitted another letter to the Court, via email, which reiterated Plaintiffs' position that Defendants improperly failed to disclose the Modified Instructions and attached Requests for Admission Plaintiffs served on Nexel. According to Mr. Soltis' letter, Nexel refused to answer Plaintiffs' Requests for Admission on the basis that fact

5

discovery had already concluded. The Court held the scheduled telephone conference with the parties on March 22, 2022, and granted Plaintiffs leave to file a motion to reopen discovery based on the discovery of the Modified Instructions. *See* Dkt. No. 102. Plaintiffs filed their present motion seeking to extend discovery on March 25, 2022. *See* Dkt. No. 103. Nexel and CME have opposed Plaintiffs' motion. *See* Dkt. Nos. 104, 105.[5]

Thereafter, on July 12, 2022, Plaintiffs filed a letter advising the Court of their intention to move for leave file a Fourth Amended Complaint to include a "demand for punitive damages against Nexel and CME" based upon their failure to disclose the Modified Instructions and inquiring as to whether the filing of a motion to amend required the Court's leave. *See* Dkt. No. 110. The Court entered an Order on July 13, 2022 which stated that "Plaintiff[s] may move to amend without seeking the Court's leave to do so" [*see* Dkt. No. 111] and Plaintiffs filed their

---

[5] Pursuant to Local Civil Rule 7.1(d)(3), "[n]o reply papers shall be filed, unless permitted by the Court, relating to" motions for case management under L. Civ. R. 16.1(g)(2) and discovery under L. Civ. R. 37.1(b)(3). On May 3, 2022, Plaintiffs filed a "reply" in support of their motion to extend discovery. *See* Dkt. No. 107. Although filed by Plaintiffs as a "reply," Plaintiffs' submission is a four-page letter to the Court which addresses certain arguments raised by Nexel and CME in opposition to Plaintiffs' motion and requests leave to file a reply to Nexel and CME's opposition briefs within twenty days. *Id.* On August 30, 2022, Plaintiffs filed another letter, again designated by Plaintiffs as a "reply" on the electronic docket, which contains legal arguments responding to those raised by Nexel and CME and again requests leave to file an additional reply brief. *See* Dkt. No. 122. The Court denies Plaintiffs' request for leave to file a further reply brief for two reasons. First, Plaintiffs' May 3, 2022 "reply" spans approximately four 1.5 spaced pages and Plaintiffs' August 30, 2022 "reply" spans approximately two single-spaced pages. Both submissions are comprised almost entirely of legal argument. Pursuant to Local Civil Rule 7.2, reply briefs are limited to 15 pages of double-spaced text. L. Civ. R. 7.2(b)-(d). Additionally, where a party utilizes a 12-point proportional font, which Plaintiffs have utilized in their submissions, "the page limits shall be reduced by 25 percent" and the 15-page limit for reply briefs becomes 11.25 pages. L. Civ. R. 7.1(d). Plaintiffs' two "reply" submissions span an approximate combined total of 10 double-spaced pages. Thus, although Plaintiffs request to submit an additional reply brief, through their two "reply" submissions, Plaintiffs have already nearly met their 11.5 page limit. Accordingly, because Plaintiffs have already had the opportunity to state their arguments in reply, which the Court will consider in deciding Plaintiffs' motion, the Court does not see any utility in permitting Plaintiffs to file an additional brief. Secondly, Plaintiffs' May 3, 2022 "reply" is focused solely on, and Plaintiffs request to further respond to, the argument set forth by Nexel and CME that the discovery Plaintiffs seek in their motion is evidence concerning subsequent remedial measures which is inadmissible under Federal Rule of Evidence 407. *See Pusey v. Becton Dickinson & Co.*, 794 F. Supp. 2d 551, 561 (E.D. Pa. 2011) (quoting *Sell v. Ingersoll–Rand Co.,* 136 Fed.Appx. 545, 546 (3d Cir. 2005)) ("Rule 407 excludes 'evidence of a remedial measure taken after the occurrence of harm caused by an event.'"). Because the Court's denial of Plaintiffs' motion is focused solely on Plaintiffs' failure to demonstrate good cause under Rule 16(b) and because the Court makes no findings as to the whether the discovery sought by Plaintiffs would be inadmissible as evidence of a subsequent remedial measure, any further briefing by Plaintiffs regarding whether the Modified Instructions represent a subsequent remedial measure would not impact the Court's ruling on Plaintiffs' motion and is therefore unnecessary.

motion to amend on July 18, 2022 [*see* Dkt. No. 113]. CME opposed Plaintiffs' motion to amend and filed a cross-motion for sanctions. *See* Dkt. No. 114. Nexel also opposed Plaintiffs' motion to amend. *See* Dkt. No. 118.

## II. LEGAL STANDARD

"Rule 16 of the Federal Rules of Civil Procedure authorizes a Court to enter pretrial scheduling orders setting deadlines for the completion of discovery, the amendment of pleadings, and the joinder of parties." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014) (citing *Karlo v. Pittsburgh Glass Works, LLC,* CIV.A. 10–1283, 2011 WL 5170445 (W.D. Pa. Oct. 31, 2011)). Pursuant to Rule 16(b)(4), a district court may modify a scheduling order upon a showing of "good cause." This authority extends to requests to reopen discovery. *In re Chocolate Confectionary Antitrust Litig.,* MDL 1935, 2013 WL 3873225 (M.D. Pa. July 25, 2013). The decision whether to reopen discovery is committed to the sound discretion of the district court, *LeBoon v. Lancaster Jewish Cmty. Ass'n,* 503 F.3d 217, 235 (3d Cir. 2007), and the court's discretion is broad. *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995).

Because fact discovery in this matter closed on July 15, 2019 [*see* Dkt. No. 65], Plaintiffs must make the requisite showing of good cause under Rule 16(b) prior to pursuing the discovery they seek. Rule 16 also governs Plaintiffs' motion to amend.[6] Although motions to amend pleadings are generally governed by Federal Rule of Civil Procedure 15, "Rule 16 serves as a threshold or gateway [and] only after a party has shown good cause under Rule 16 does the Court turn to Rule 15(a) and consider whether the party's motion to amend its pleading is appropriate under that standard." *Doe v. Hosp. of Univ. of Pennsylvania*, No. CV 19-2881-KSM, 2021 WL

---

[6] The initial deadline for the amendment of pleadings as set forth in the pretrial scheduling order was November 9 2017. *See* Dkt. No. 10 at ¶ 16. This deadline was extended on multiple occasions at the request of various parties and was last set for January 12, 2018. *See* Dkt. No. 19. Plaintiffs have amended their pleading on three previous occasions. *See* Dkt. Nos. 17, 22, 43.

7

2671791, at *7 (E.D. Pa. June 29, 2021) (citation omitted).

The good cause standard is "not a low threshold." *J.G. v. C.M.*, 2014 U.S. Dist. LEXIS 56143, at *4, 2014 WL 1652793 (D.N.J. Apr. 23, 2014) (Martini, J.). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Rec. Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 1992 U.S. Dist. LEXIS 11692, 1992 WL 183712 (D.N.J. July 20, 1992). As a result, permitting discovery extensions in the absence of good cause would "deprive the trial judges of the ability to effectively manage the cases on their overcrowded dockets." *Koplove v. Ford Motor Corp.*, 795 F. 2d 15, 18 (3d Cir. 1986). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010); *see also* Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e have repeatedly recognized — and we reaffirm today — that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."). If the moving party "knows or is in possession of the information that forms the basis of the later motion to amend" before the deadline has passed, "the party is presumptively not diligent." *Price*, 737 F. Supp. 2d at 280.

## III. DISCUSSION

### A. Motion to Reopen Discovery

Plaintiffs seek to reopen discovery based upon their discovery of the Modified Instructions. According to Plaintiffs, "[a]pproximately four to six weeks" prior to the filing of the present motion, Mr. Soltis was "doing some independent research on this case on the internet and found,

8

on a supplier's website which sells the [Shelving System], that the installation instructions for the [Shelving System] had dramatically and materially changed." Dkt. No. 103-1 at ¶ 6. These Modified Instructions, Plaintiffs contend, contain "additional critical warnings, more precise assembly instructions, individual shelf weight capacity instructions, warnings that the units can tip, warnings to check and tighten all hardware every six (6) months, and most importantly, multiple warnings that the stationary end shelving unites must be bolted to the floor." *Id.*

As an initial matter, the Court notes that despite Plaintiffs' assertion that the discovery presently sought is "essential" and "highly relevant," Plaintiffs' motion suffers from several significant deficiencies. Dkt. No. 103-1 at ¶ 15-16. First, Plaintiffs did not file a brief in support of their motion. Instead, Plaintiffs filed a "statement as to why no brief in necessary" which states: "[t]he within motion . . . involves no complicated issues of fact or law, and therefore no brief is necessary to adjudicate the merits of the application." Dkt. No. 103-4. Although Plaintiffs' filing of a statement that no brief is necessary complies with Local Civil Rule 7.1(d)(4), Plaintiffs' failure to file a supporting brief does not align with their contention that depriving Plaintiffs of the presently sought discovery would be "manifestly unjust." Dkt. No. 103-1 at ¶ 21.

Secondly, the Certification of August R. Soltis, Esq. filed in support of Plaintiffs' motion [*see* Dkt. No. 103-1 (the "Soltis Certification")] is riddled with legal and factual argument in violation of Local Civil Rule 7.2(a), which states that "certifications . . . shall be restricted to statements of fact within the personal knowledge of the signatory" and "[a]rgument of the facts and the law shall not be contained in such documents." L. Civ. R. 7.2(a). Where, as here, a certification "contains factual or legal argument . . . the Court must disregard the contents of [the] improper certification and may impose sanctions upon the attorney who files it." *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 158 (D.N.J. 1999). Although the Soltis Certification is in clear

9

violation of the Local Civil Rules, because Plaintiffs did not file a supporting brief, if the Court were to disregard the contents of the Soltis Certification, the Court would be left without the benefit of Plaintiffs' arguments in support of their motion. Accordingly, the Court will consider the contents of the Soltis Certification.

Finally, Plaintiffs' motion does not mention or address Rule 16(b) or the good cause standard set forth therein. To demonstrate good cause to reopen discovery under Rule 16(b), "the movant must show that the deadlines cannot be reasonably met despite its diligence." *Globespanvirata, Inc. v. Tex. Instruments, Inc.,* 2005 WL 1638136, at *3 2005 U.S. Dist. LEXIS 16348, at *9-10 (D.N.J. July 11, 2005) (citations omitted). Because a finding of good cause requires a showing by Plaintiffs that "a more diligent pursuit of discovery was impossible," Plaintiffs' failure to even acknowledge Rule 16(b) or its requirements is detrimental to their motion. *Konopca v. FDS Bank*, No. 15CV1547PGSLHG, 2016 WL 1228844, at *2 (D.N.J. Mar. 29, 2016). Despite the substantial shortcomings in Plaintiffs' motion, the Court will address Plaintiffs' arguments in support of their contention that additional discovery related to the Modified Instructions is warranted.

Plaintiffs argue that the Modified Instructions are "highly relevant and crucial" to Plaintiffs' claims in this matter which are "predicated upon defendants' collective failure to provide clear and effective assembly instructions and warnings requiring all installers of the [Shelving System] to properly install the optional joining plug, bolt the stationary end and stationary middle units to the floor and to check and periodically tighten all the hardware, including the joining plug." Dkt. No. 103-1 at ¶ 4-5. According to Plaintiffs, due to Nexel and CME's "failure to disclose this crucial evidence," Plaintiffs have "absolutely no facts related to the [Modified Instructions]" and it "would be manifestly unjust to [Plaintiffs] to proceed to trial without the jury

hearing evidence" regarding the foreseeability of the dangers caused by the alleged shortcomings in the design and installation of the Shelving System and the "feasibility of providing adequate installation instructions and proper warnings. . . ." *Id.* at ¶ 17, 21.

In furtherance of their efforts to obtain discovery related to the Modified Instructions, Plaintiffs served Nexel with their First Requests for Admission pursuant to Federal Rule of Civil Procedure 36 on February 23, 2022. *See* Dkt. No. 103-2 at Ex. C. Nexel responded that same day objecting to Plaintiffs' Requests for Admission because fact discovery "ended over 2 years and 7 months prior." *Id.* at Ex. D. Although Plaintiffs' motion initially states that the relief sought therein is limited to an extension of the discovery end date and an order compelling Nexel to respond to Plaintiffs' Requests for Admission, Plaintiffs' motion requests additional extensive discovery.

First, in addition to an order compelling Nexel to respond to the previously served Requests for Admission, Plaintiffs wish to serve additional requests for admission on other defendants.[7] Secondly, Plaintiffs "require Nexel to disclose the names of any and all Nexel employees who have any knowledge of any and all of the above facts concerning Nexel's reasons to draft, write, publish, disseminate and utilize, for any purpose, the [Modified Instructions]." Dkt. No. 103-1 at ¶ 18. Along with the foregoing disclosures, Plaintiffs assert that "Nexel must provide [P]laintiffs the names of all such Nexel employees and set forth what particular knowledge that each employee has so that [Plaintiffs] can depose the proper individuals . . . ." *Id.* Thirdly, Plaintiffs claim that "once [Plaintiffs] have all the aforesaid deposition transcripts in hand, [they] will need to request [their] engineering expert . . . to review all those materials and issue a supplemental engineering report." *Id.* at ¶ 19.

Finally, Plaintiffs wish to address the "ethical issue of what the Nexel and CME employees

---

[7] Plaintiffs do not specify which defendants they wish to serve with requests for admission.

who answered Initial Disclosures and . . . Interrogatories were told, if anything, as to their duty to amend disclosures and interrogatory answers throughout this litigation and whether they were informed by counsel that they had an absolute duty to do so." *Id.* at ¶ 20. To that end, Plaintiffs assert that depositions of any such individuals "will shed some light" as to whether Nexel and CME's failure to disclose the Modified Instructions was "intentional or negligent/inadvertent." *Id.* These depositions, Plaintiffs contend, will require "questions about what counsel told [the deponents] with regard to their duty to amend discovery and should not be met with objections on the grounds of 'attorney-client' privilege on this narrow issue." *Id.*

As noted, the good cause standard under Rule 16(b) "is not a low threshold." *J.G. v. C.M.*, No. CIV. 11-2887 WJM, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014) "Disregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards 'the indolent and cavalier.'" *Id.* (quoting *Riofrio Anda v. Ralston Purina Co.,* 959 F.2d 1149, 1154–55 (1st Cir. 1992)). A finding of good cause under Rule 16(b) depends on the diligence of the moving party and requires the moving party to "demonstrate that a more diligent pursuit of discovery was impossible." *Konopca*, 2016 WL 1228844, at *2.

Plaintiffs' efforts to obtain information regarding the addition of any warnings or modifications to the instructions for the Shelving System do not demonstrate the requisite diligence under Rule 16(b). Plaintiffs contend that both Nexel, as the party responsible for "prepar[ing] and disseminat[ing]" the Modified Instructions, and CME, as a seller and installer of the Shelving System, had a duty to produce the Modified Instructions and failed to do so. Dkt. No. 113-2 at ¶ 8.[8] According to Plaintiffs, had Nexel and CME complied with their discovery obligations, the

---

[8] Due to the overlapping nature of Plaintiffs' two presently pending motions, and in the interest of acknowledging all relevant arguments set forth by Plaintiffs, the Court utilizes the materials submitted in connection with both pending motions.

12

Modified Instructions would have been produced during the discovery period.

The Court will first address Plaintiffs' contention that the Modified Instructions should have been produced by CME.[9] Plaintiffs argue that CME had a duty to disclose the "pre-accident" installation instructions (the "Original Instructions") as part of their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), which in turn imposes a present duty to amend those disclosures with the Modified Instructions, and improperly failed to do so. In the absence of a disclosure by CME of the instructions it utilized, Plaintiffs argues that they will "have absolutely no idea which of the two . . . materially different sets" of installation instructions were used by CME to install the Shelving System which allegedly caused Porcaro's injuries. Dkt. No. 115 at p. 4.

However, as Plaintiffs acknowledge, CME did not disclose the Original Instructions, or any other instructions, in its initial disclosures and Plaintiffs, having already obtained the Original Instructions from Nexel, "chose not to engage in useless motion practice against CME seeking to compel CME to disclose a copy" of the installation instructions it utilized for the Shelving System at issue and Plaintiffs in fact never obtained any installation instructions from CME.. *Id.* at p. 5. While Plaintiffs now claim, however, that CME's disclosure of the instructions it had in its

---

[9] The Court notes that in response to Plaintiffs' assertion that CME had a duty to produce the Modified Instructions, CME states that it "did not create, author, or distribute the subject [Modified Instructions], nor was CME aware of the [Modified Instructions] prior to the instructions being introduced by Plaintiffs." Dkt. No. 114-1 at p. 1. However, Plaintiffs argue that CME's statement that it was not aware of the existence of the Modified Instructions violates Local Civil Rule 7.2(a), which, as previously discussed, states that "certifications . . . shall be restricted to statements of fact within the personal knowledge of the signatory" and must be therefore be disregarded because "[d]efense counsel is not a witness with knowledge in this case and it is improper for defense counsel to make any such unsupported factual statements in connection with the pending motion" Dkt. No. 115 at p. 3. Plaintiffs contend that defense counsel should be sanctioned "for violating the most basic and rudimentary tenet of federal motion practice . . . that all factual statements must be supported by a separate affidavit . . . ." Dkt. No. 115 at p. 4. While it would have indeed been prudent for CME to support its assertion with a proper certification, a strict enforcement Local Civil Rule 7.2(a) in considering Plaintiffs' present motions would result in the vast majority of Plaintiffs' submissions in connection with the present motions being stricken and the imposition of sanctions on Plaintiffs' counsel. Thus, because the Court has not imposed sanctions on Mr. Soltis or disregarded Plaintiffs' improperly submitted certifications, it would be inequitable to grant Plaintiffs' request for sanctions against CME for a lesser violation of Local Civil Rule 7.2(a).

possession at the outset of this case, and in turn an amended disclosure in the event that those instructions were modified, was required and of significant importance to Plaintiffs, in the end, CME did not make any such disclosure and Plaintiffs did not exercise diligence by admittedly choosing not to pursue the production of any installation instructions from CME despite ample opportunity to do so during the discovery period.

Although Plaintiffs contends that both Nexel and CME were in possession of and had a duty to disclose the Modified Instructions, Plaintiffs claim that Nexel was the party responsible for preparing and disseminating the Modified Instructions to installers and seek the majority of their supplemental discovery from Nexel.[10] Accordingly, it is clear from Plaintiffs' arguments that Nexel is the party they believe to be primarily in possession of and responsible for disclosing the Modified Instructions.

While Plaintiffs assert that Nexel improperly failed to disclose the Modified Instructions, Nexel points out that Plaintiffs "never served any discovery demands on Nexel during the discovery period, which lasted over four whopping years." Dkt. No. 118 at p. 4. In response, Plaintiffs, seemingly acknowledging that they did not in fact serve Nexel with any discovery demands throughout the extended discovery period in this matter, argue that the initial service of the Summons and Complaint on Nexel prior to removal automatically effected service of New Jersey's form interrogatories on Nexel pursuant to N.J. Ct. R. 4:17-1(b)(2). Because these form interrogatories were automatically served on Nexel, and because Nexel served responses to them, Plaintiffs claim that that they had "no obligation to serve any additional discovery demands on Nexel." Dkt. No. 119 at p. 3.

Additionally, Plaintiffs contend that CME propounded written discovery requests on Nexel

---

[10] The discovery Plaintiffs presently seek from CME relates only to CME's alleged failure to disclose the Modified Instructions and not to the creation or implementation of the Modified Instructions.

14

"which imposed a duty on Nexel to amend its discovery responses to include a copy of the Modified Instructions" and that Plaintiffs were "absolutely entitled to rely" on Nexel's responses to CME's discovery requests. *Id.* at p. 4. While Plaintiffs are indeed correct that Nexel served responses to New Jersey's form interrogatories and that they were entitled to rely upon Nexel's responses to discovery served by other parties in this action, Plaintiffs made the decision not to serve Nexel with any written discovery requests despite specifically being given the opportunity to do so when the Court entered the Pretrial Scheduling Order after this matter was removed. *See* Dkt. No. 10. In light of Plaintiffs' failure to serve Nexel with any written discovery requests throughout the entirety of the lengthy discovery period in this matter, including any requests for information regarding post-accident modifications to the installation instructions or warnings, Plaintiffs cannot now claim that "a more diligent pursuit of discovery was impossible." *Konopca*, 2016 WL 1228844, at *2. Accordingly, because Plaintiffs were not diligent in pursuing discovery from Nexel or CME which would have led to the disclosure of the Modified Instructions, and therefore have not demonstrated the requisite good cause under Rule 16(b), Plaintiffs' motion to reopen discovery is **DENIED**.

Although the Court denies Plaintiffs' motion to reopen discovery, Plaintiffs' Requests for Admission served on Nexel were not untimely and must therefore be answered. Federal Rule of Civil Procedure 36 governs requests for admission and "[n]othing in [Rule 36] provides that a party may ignore the requests if the responses are due after the close of discovery." *Shelton v. Fast Advance Funding, LLC*, 805 F. App'x 156, 158 (3d Cir. 2020). Indeed, "requests for admission typically come late in discovery, or even after discovery has been completed and trial is imminent." *Id.* (citation omitted). Accordingly, Nexel must serve responses to Plaintiffs' Requests for

Admission within thirty (30) days from the date of this Order.[11]

### B. Motion to Amend[12]

Plaintiffs' motion requests leave to file a Fourth Amended Complaint to assert an additional cause of action against Nexel and CME seeking punitive damages and "an adverse inference at trial" due to their "intentional or negligent concealment" of the Modified Instructions. Dkt. No. 113-2, Proposed Fourth Amended Complaint at ¶ 6. Plaintiffs contend that their motion to amend is proper under Federal Rule of Civil Procedure 15 and argue that no party will be prejudiced by the proposed amendment. Where a party seeks leave to amend a pleading after a deadline set by a court order, "the 'good cause' standard of Rule 16(b)(4) . . . applies" and "[a] party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC*, 970 F.3d at 319.

Despite being well past the deadline for amending pleadings set by the Court, which expired on January 12, 2018, Plaintiffs move solely under Rule 15. Where, as here, a party moving to amend "fails to even discuss due diligence, relying instead on Rule 15(a)," that party "utterly fails to establish good cause for leave to file [an amended complaint]" and leave to amend is properly denied. *Premier Comp Sols. LLC v. UPMC Health Network, Inc.*, No. 2:15CV703, 2017 WL 11680911, at *2 (W.D. Pa. Sept. 26, 2017), *aff'd*, *Premier Comp Sols., LLC*, 970 F.3d at 316. Accordingly, because Plaintiffs move solely under Rule 15, the Court finds they have failed to establish good cause under Rule 16(b) and Plaintiffs' motion to amend is therefore **DENIED**.[13]

---

[11] While Nexel must serve responses to Plaintiffs' Requests for Admission, the Court makes no ruling at present regarding the propriety of Plaintiffs' requests.

[12] Plaintiffs' motion to amend suffers from the same significant deficiencies as Plaintiffs' motion to reopen discovery and does not include a supporting brief, relies on an improper certification, and does not cite to or otherwise acknowledge Rule 16 or its requirements. *See* Dkt. No. 113.

[13] Even had Plaintiffs addressed Rule 16(b), the Court would still deny Plaintiffs' motion to amend based upon their lack of diligence in seeking the present amendment. Plaintiffs discovered the Modified Instructions on or around January 20, 2022 and seemingly immediately alerted the Court of their intention to seek additional discovery related to the Modified Instructions. Plaintiffs did not advise the Court of their intention to move to amend based upon the

CME's cross-motion for sanctions is also **DENIED**.

### IV. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 14th day of September, 2022,

**ORDERED** that Plaintiffs' motion to reopen discovery [Dkt. No. 103] is **DENIED**; and it is further

**ORDERED** that Plaintiffs' motion for leave to file a Fourth Amended Complaint [Dkt. No. 113] is **DENIED**; and it is further

**ORDERED** that CME's cross-motion for sanctions [Dkt. No. 114] is **DENIED.**


    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**

---

Modified Instructions until July 12, 2022. The passage of approximately six months between Plaintiffs' discovery of the Modified Instructions and the filing of Plaintiffs' letter to the Court raising their intention to move to amend does not demonstrate the requisite diligence under Rule 16(b).